

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00378-CR

| | | |
|---|---|---|
| Matthew Christopher Clark | § | From County Criminal Court No. 1 |
| | § | of Denton County |
| | § | (CR-2010-01679-A) |
| v. | § | March 14, 2013 |
| | § | Opinion by Justice Dauphinot |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Lee Ann Dauphinot



## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00378-CR

MATTHEW CHRISTOPHER CLARK                                            APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

### FROM COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Matthew Christopher Clark appeals the trial court's revocation of his misdemeanor community supervision for assault of a family member in violation of Texas Penal Code section 22.01(a)(1). In two issues, he argues that the trial court abused its discretion by revoking his community supervision based on the State's improper argument and that he was not afforded due process of law. Because the trial court did not abuse its discretion by revoking Appellant's

---

[1]*See* Tex. R. App. P. 47.4.

community supervision and because he was afforded the due process to which he was entitled, we affirm the trial court's judgment.

The underlying offense for which Appellant was placed on community supervision was committed in Denton County. Because Appellant was a resident of Tarrant County, his community supervision was transferred to Tarrant County. Typically, Appellant was ordered to participate in several programs and evaluations and was ordered to pay all the fees involved with the various programs and evaluations, as well as community supervision fees, a Crime Stoppers fee, a family violence shelter fee, and court costs, while being required to support his family and complete eighty hours of community supervision. The purported purpose of all these fees, evaluations, meetings, programs, and panels was to rehabilitate Appellant. Appellant initially reported to the Denton County community supervision office on September 3, 2010. He was arrested for a new offense involving alcohol in December 2010.

The transfer to Tarrant County did not go smoothly. Denton County community supervision officer Rhett Wallace testified at the revocation hearing that he was not even sure whether Appellant had ever met with his Tarrant County community supervision officer because it often takes Tarrant County two to three months to complete the transfer process. Wallace also testified that Appellant knew he had an affirmative duty to provide proof of completion of the various evaluations, panels, programs, and community service obligations and that Wallace had received no such proof.

2

In his first issue, Appellant contends that the State improperly elicited testimony about his alcohol-related arrest, a revocation allegation that the State abandoned before trial. Although the State dismisses Appellant's argument as bordering on specious, we do not find it to be so. We consider the issue of legitimate concern.

We review the trial court's decision to admit evidence for an abuse of discretion.[2] The trial court abuses its discretion only if its decision falls "outside the zone of reasonable disagreement."[3]

Appellant points out that a defendant in a criminal case may not be simultaneously tried for a collateral crime.[4] Appellant is correct under normal circumstances. In a community supervision revocation case, however, commission of a new offense, or even an allegation of the commission of a new offense, may become relevant if it relates to the violation of a condition of community supervision, such as to commit no new offense, to avoid persons or places of disreputable or harmful character, or to use no alcohol.

The State had abandoned the allegation that Appellant had committed a new offense in its live petition to adjudicate. But the State offered evidence of the new arrest because it involved alcohol, and Appellant had not yet completed

---

[2]*Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010), *cert. denied*, 132 S. Ct. 128 (2011).

[3]*Id.* (citation omitted).

[4]*See Albrecht v. State*, 486 S.W.2d 97, 100 (Tex. Crim. App. 1972).

3

the required drug and alcohol evaluation.  Under the facts of this case, the issue of alcohol abuse was both relevant and of concern to the trial court in determining the appropriate disposition of the case.  As we understand the record, the trial court heard the evidence not as evidence of a collateral offense, but in relation to the negative impact of alcohol on Appellant's life and the importance of the alcohol and drug evaluation.  We therefore hold that the trial court did not abuse its discretion by overruling Appellant's objection to the evidence.  To the extent that Appellant complains of the prosecutor's referencing the alleged new offense in closing argument, we note that Appellant's objection to the prosecutor's argument was sustained.  We overrule Appellant's first issue.

In his second issue, Appellant argues that he was denied due process because he did not receive sufficient guidance and supervision from the community supervision officers.  As the Texas Court of Criminal Appeals recently explained,

> Revocation involves the loss of liberty and therefore implicates due process.  The central issue to be determined in reviewing a trial court's exercise of discretion in a community supervision revocation case is whether the defendant was afforded due process of law.[5]

Wallace admitted that Tarrant County did not even offer the Victim Impact Panel that Appellant had been ordered to attend.  Wallace also admitted that Appellant might not have yet met the community supervision officer in Tarrant

---

[5]*Leonard v. State*, 385 S.W.3d 570, 577 (Tex. Crim. App. 2012) (citations omitted).

4

County after the September meeting in Denton County. Wallace also admitted that the mere fact that the Denton County Community Supervision office does not have a record of completion of a community supervision requirement does not mean that it has not been completed. Appellant argues that "[i]n addition to . . . receiving no supervision and no guidance, he also had no idea of who to send proof that he was doing what he was supposed to be doing." Appellant argues that because he did not receive the guidance he needed, the trial court violated his right to due process by revoking his community supervision.

Ideally, every community supervision department would have adequate staff and funding to operate at maximum efficiency. Ideally, every person placed on community supervision could be personally guided through the process. Unfortunately, we do not live in that ideal world. Probationers often need the continued advice and guidance of their attorneys in traveling the winding and treacherous road of community supervision. But the record shows that Appellant knew that he was obligated to pay his fees, and he also knew that he could mail those fees to the Denton County Community Supervision Department. He did not do so; he offered no suggestion that he was unable to pay. The record shows that Appellant knew how to contact the Denton County Community Supervision Department to ask questions about when and where to report to his community supervision officer as well as for evaluations, panels, counseling, and all the other myriad conditions of community supervision. While a stated goal of

5

community supervision is rehabilitation,[6] it may often appear to be an exceedingly difficult obstacle course that the probationer is expected to negotiate. In the case now before this court, however, the State proved that Appellant violated at least one condition of community supervision for which he had no excuse or justification. Proof of a single violation is sufficient to support revocation.[7] We cannot say that the trial court violated Appellant's right to due process by revoking his community supervision based on his unjustified failure to pay the assorted fees. We overrule Appellant's second issue.

Having overruled Appellant's two issues on appeal, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

LIVINGSTON, C.J., concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 14, 2013

---

[6] *United States v. Knights*, 534 U.S. 112, 119, 122 S. Ct. 587, 591 (2001).

[7] *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980).

6